# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2010

No. 10-10396
Summary Calendar

Lyle W. Cayce
Clerk

BRENDA L. COTHRAN,

Plaintiff–Appellant

v.

JOHN POTTER, Postmaster General,

Defendant–Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-785

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Brenda Cothran appeals the district court's grant of summary judgment on her Title VII retaliation claim in favor of her employer, John Potter, Postmaster General. We AFFIRM.

## FACTS AND PROCEEDINGS

Cothran, a black woman, was employed by United States Postal Service ("USPS") where she processed on-the-job injury claims. In 2006, Cothran filed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a complaint with USPS's Equal Employment Office, alleging that her supervisor, Angie Fuentes, who is Hispanic, discriminated against Cothran on the basis of her race. Cothran alleges that Fuentes subsequently retaliated against her by giving her a negative performance evaluation in 2006. Cothran also alleges that Fuentes retaliated against her by denying her requests for leave under the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.* ("FMLA"), and her requests for annual leave on two other occasions.

## STANDARD OF REVIEW

"We review the district court's grant of summary judgment *de novo*." *Fahim v. Marriot Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

## DISCUSSION

To establish a prima facie case of retaliation under Title VII a plaintiff must show: (1) that the plaintiff engaged in activity protected by Title VII; (2) that an adverse employment action occurred; and (3) that a causal link existed between the protected activity and the adverse action. *Evans v. City of Houston*, 246 F.3d 344, 352 (5th Cir. 2001). After the plaintiff establishes a prima facie case, the burden shifts to the employer to show a legitimate, nonretaliatory reason for the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). The employer's burden is one of production, not persuasion, and does not involve a credibility assessment. *Id.* The burden then shifts back to the plaintiff to show either: "(1) that the defendant's reason is not true, but is instead a pretext for [retaliation] (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and

2

another 'motivating factor' is the plaintiff's protected [activity] (mixed-motive[s] alternative)." *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004) (third alteration in original); *see also Smith v. Xerox Corp.*, 602 F.3d 320, 326 (5th Cir. 2010). Under the pretext alternative, the plaintiff "bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real . . . retaliatory purpose. To carry this burden, the plaintiff must rebut each . . . nonretaliatory reason articulated by the employer." *McCoy*, 492 F.3d at 556. Under the mixed-motive theory, if the plaintiff shows that the plaintiff's protected activity was a motivating factor, then the burden shifts to the employer to show that the adverse employment decision would have been made regardless of the retaliatory animus. *See Rachid*, 376 F.3d at 312.

The district court found that Cothran engaged in a protected activity when she filed a complaint with the USPS's Equal Employment Office and that she suffered adverse employment actions in the form of a negative performance review and denial of her request for leave under the FMLA. But the district court also found that Cothran failed to make a prima facie case of retaliation because she failed to show a causal connection between her protected activity and the adverse employment actions. To establish a causal connection, Cothran relies on the close timing of her protected activity and the adverse employment actions. Two days after Fuentes learned of Cothran's protected activity, Fuentes gave Cothran an unfavorable performance review and Fuentes denied Cothran's FMLA leave request approximately two months later. The combination of temporal proximity and knowledge of a protected activity may be sufficient to satisfy a plaintiff's prima facie burden for a retaliation claim. *See, e.g., Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 995 (5th Cir. 2005); *Evans*, 246 F.3d at 354.

However, even if Cothran could make a prima facie case of retaliation, her retaliation claim fails because she has not demonstrated pretext or mixed motive.  Potter  offered a legitimate, nonretaliatory reason for Cothran's negative performance score on the periodic rolls management category:[1] Cothran failed to meet individual performance objectives established by her previous supervisor. Moreover, another employee with an identical performance requirement, who had not complained of discrimination, received the same score on the periodic rolls category. Potter has also explained that the temporal proximity between Cothran's complaint and her performance review was coincidental. All performance reviews were originally due on November 24, 2006 but because of various delays, Fuentes did not submit those reviews until November 29, 2006. Cothran's bare assertion that Potter's explanation is false does not raise a genuine issue of material fact with respect to pretext.

Potter also provided a legitimate, nonretaliatory reason for the denial of Cothran's FMLA leave request: Fuentes denied her leave request because (1) Cothran was on unauthorized, unscheduled leave-without-pay status at the time; (2) Cothran failed to submit her request prior to the requested leave period; and (3) the FMLA coordinator told Fuentes that Cothran was not eligible for FMLA leave. Cothran alleges, citing only her own affidavit, that the individual whom Fuentes consulted was not a FMLA coordinator. Cothran has not disputed that she was in an unauthorized, unscheduled leave-without-pay status at the time or that she did not submit her request prior to the requested leave period. Cothran's self-serving allegation does not create a genuine issue of material fact as to pretext. Nor has Cothran identified any evidence of mixed

---

[1] In 2006, Cothran was evaluated in four categories. On appeal, Cothran alleges only that her score on the periodic rolls management category was retaliatory.

motive with respect to either of these adverse employment actions.

Even assuming (1) that the denial of Cothran's annual leave requests on two additional occasions are adverse employment actions and (2) that a causal connection existed with Cothran's protected activity—findings that the district court did not make—Cothran has not demonstrated pretext. On one occasion, Cothran arrived two hours late to work and subsequently submitted a request for annual leave for those two hours. Potter avers that Fuentes denied that request because Fuentes had already rejected Cothran's request for annual leave during that period due to Cothran's heavy workload and backlog and because Cothran had an extensive history of absences. Although Cothran contends that Fuentes has granted similar requests by other employees, Cothran has failed to offer evidence to rebut Potter's reasons.

Fuentes also denied Cothran's request for annual leave from March 26, 2007 through March 30, 2007. Potter states that Fuentes denied that request because the department had a policy that only two employees could take leave at the same time and two employees had previously been approved for leave during that period. Cothran has failed to identify evidence that creates an issue of material fact as to whether Potter's legitimate, nonretaliatory explanations are pretextual. Nor could a reasonable jury logically infer that her complaint of discrimination was a motivating factor in Fuentes' denials of annual leave. Cothran has not carried her burden with respect to pretext or motivation and, therefore, her retaliation claim fails.

AFFIRMED.